# CIRCUIT COURT OF LANCASTER COUNTY

Margaret P. Saunders

v.

Virginia Employment Comm'n
and Lewis-Saunders Insurance

July 31, 1997

BY JUDGE JOSEPH E. SPRUILL, JR.

Margaret P. Saunders petitions for judicial review of a decision of the Virginia Employment Commission denying her request for unemployment benefits. She was formerly a co-owner with her sister, Grace P. Lewis, of Lewis-Saunders Insurance Agency in Lively. She and her sister operated the agency for ten years before selling it in June 1995. The new owner did not hire Mrs. Saunders, and she became unemployed. Six months later, she filed for unemployment benefits. Her request was denied, the Commission finding that she quit her work voluntarily without good cause. She appeals pursuant to Virginia Code § 60.2-622.

The facts as found by the Commission if supported by the evidence and in the absence of fraud are conclusive. Virginia Code § 60.2-625(a).

The record indicates that Mrs. Saunders and her sister found it necessary to sell the business because of its precarious financial condition. They were loathe to take it to the point of bankruptcy. For some months prior to the sale in June 1995, neither sister had drawn a regular salary. Faced with the prospect of not being able to pay its bills, the owners concluded that a sale of the business was a financial necessity.

The claimant appeared before the Commission, and here, without counsel, and the record is not as complete as it might have been with regard to the financial status of the agency. Claimant offered a financial statement of the agency for the year 1994, which showed the agency to be "in the hole," but this documentation was deemed by the hearing officer to be unnecessary, and it was not received and is not a part of the record. Nonetheless, the

Commission concluded that the claimant and her sister were "forced to sell the business in June, 1995." The evidence fully supports this finding.

The inability of the agency to pay its bills and the salaries of its employees and continued operation at a loss made the sale of the agency necessary. The Commission acknowledged the decision "may have been an appropriate one." The Commission reasons that, because Mrs. Saunders was an equal owner of the agency, "she could have blocked the sale." This reasoning imposes upon Mrs. Saunders a Hobson's choice: sell the agency and become disqualified for unemployment benefits or retain it and go bankrupt. The Commission also found that Mrs. Saunders "voluntarily chose to allow her sister to take the only available position with the successor company knowing that this would leave her unemployed." However, the record does not support this finding. Only one job was available with the new owner. The only evidence on this point is that supplied by Mrs. Saunders who testified that "they employed my sister, but they did not have any work for me." The record does not support the conclusion that it was Mrs. Saunders' choice who the new owner would hire.

Further, the record indicates that Mrs. Saunders, at sixty-three years of age, made an extensive effort to find other employment after the sale of her agency. This included attending a work fair, placing an ad in the newspaper, and making numerous inquiries. Indeed, she did not apply for unemployment benefits for six months after the sale.

The circumstances here show, as indeed the Commission has acknowledged, that the sale of the agency was necessary because it was making no money. The choice to sell was voluntary but with good cause. For these reasons, we find that Mrs. Saunders is entitled to unemployment benefits. The decision of the Commission is reversed.